## Julia Grant, formerly Julia Dunleavy, Defendant in Error, v. Mutual Protective League, Plaintiff in Error.

### Gen. No. 20,161.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and remanded. Opinion filed March 11, 1915. Rehearing denied March 24, 1915.

### Statement of the Case.

Action by Julia Grant, formerly Julia Dunleavy, against Mutual Protective League, a corporation, to recover the sum of $1,000 upon a benefit certificate issued upon the life of one Mary O'Brien.

The application for membership in the defendant organization contained, among others, the following statements:

"I, Mary O'Brien, having become acquainted with the objects of your order, do petition for membership in Council 840 and for a benefit certificate of $1,000.

\* · \* \* I was born on the first day of Nr., 1857, and was 54 years of age at my last birth-day, and am 54 years at my nearest birth-day. \* \* \* I do hereby warrant the truthfulness of the statements in this petition and consent and agree that any untrue or fraudulent statement made herein or to the Medical Examiner, or any concealment of facts by me in this petition, shall forfeit the rights of myself or beneficiaries to all benefits and privileges herein."

The statement is then signed "Mary O'Brien." After this signature follows a list of 45 questions propounded to her by the medical examiner, Dr. Cummings. At the end of these questions appears the following language:

"I hereby adopt as my own the foregoing answers and statements from 1 to 45 inclusive, whether written by me or not, and declare and warrant that they are full, complete and true to the best of my knowledge and belief, and I agree that the truth of each answer and statement mentioned above shall be a condition precedent to any binding contract issued upon the faith of the foregoing answers. \* \* \*

"I further agree that the foregoing answers and statements together with the *preceding declaration,* shall form the basis of the contract ·between me and the Mutual Protective League, and shall constitute warranties of same, and are offered by me as a consideration of the contract applied for, and are hereby made a part of any benefit certificate that may be issued upon this application and shall be deemed and taken as part of such certificate; that this application may be referred to in said benefit certificate as the basis thereof, and that they shall be construed together as a part of my contract." (Italics ours.)

From a judgment for plaintiff, defendant brings error.

P. R. BOYLAN and H. R. LLOYD, for plaintiff in error.

JAMES D. POWER, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. INSURANCE, § 208*—*when statement constitutes a warranty.* Where the application for membership in a beneficial society contained a statement of the age of the applicant and a distinct warranty of the truth thereof, it was *held* that such statement constituted a warranty separate and distinct from the answers to questions on the medical examination attached to the same instrument.

2. TRIAL, § 65*—*when evidence may be considered for all purposes.* In an action upon a beneficiary certificate, where defendant resisted recovery upon the ground of a false statement as to the age of the applicant, applications by the insured for insurance in other companies may be considered upon the question of the truth of the applicant's statement as to her age, where admitted in evidence without limitation or objection, although the parties might have intended their admission merely to show that the insured carried other insurance at the time of her application.

3. APPEAL AND ERROR, § 456*—*what is effect of failure to object to evidence.* Where the successful party below failed to object to the admission of evidence or to assign cross-errors, the competency of the evidence cannot be considered in the Appellate Court so as to prevent its consideration in connection with the issues presented.

4. INSURANCE, § 876*—*who has burden of proving falsity of warranty.* In an action upon a beneficiary certificate the burden is upon the defendant to prove that the insured's warranty as to her age in her application for insurance was false.

5. INSURANCE, § 904*—*when verdict against weight of evidence.* In an action upon a beneficiary certificate, a finding that the insured's statement as to her age, warranted to be true in her application for insurance, was in fact true, was *held* to have been against the manifest weight of the evidence.